UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL JACKSON<br><br>  Defendant. | CRIMINAL NO. 5:17-60-KKC-REW<br><br><br>OPINION AND ORDER |

This matter is before the Court on a filing by defendant Michael Jackson titled "Motion to Vacate Set Aside Correct Sentence Pursuant to Counsel Being Ineffective." (DE 202, Motion.)

In April 2018, Jackson pled guilty to in this Court to 1) conspiring to possess with the intent to distribute 40 grams or more of fentanyl, more than 28 grams of cocaine base, and more than 500 grams of cocaine; 2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and 3) possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). By judgment dated July 24, 2018, the Court sentenced him to a total prison term of 300 months. Jackson did not appeal the judgment.

Jackson did, however, file a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (DE 114.) That motion raised three grounds of ineffective assistance of counsel. He asserted his counsel for ineffective for 1) failing to file a notice of appeal, 2) for permitting him to plead guilty to the § 924(c)(1) charge, and 3) for failing to make certain arguments that Jackson asserts would have resulted in a lower sentence. These arguments are 1) that Jackson's sentence could not be enhanced twice for the same firearm; 2) that Jackson's federal sentence should run concurrently with his state sentence; and 3) that the First Step Act should apply to Jackson's sentence.

The magistrate judge conducted an evidentiary hearing on Jackson's §2255 motion. She then entered a recommendation that the Court deny the motion (DE 195, Recommendation.) The recommendation was dated August 18, 2023. It provided that any objections must be filed within 14 days of the recommendation being served on a party. By September 7, 2023, Jackson had not filed any objections. The Court reviewed the recommendation and agreed with its analysis. Thus, on September 7, 2023, the Court entered an order adopting the recommendation as the Court's opinion. On that same day, Jackson filed a motion for an extension of time to file objections to the recommendation. (DE 199.) The Court vacated its order adopting the recommendation and granted Jackson until September 30, 2023 to file objections. (DE 200, Order.)

Jackson did not file objections by September 30, 2023. Accordingly, on October 12, 2023, the Court entered an order again adopting the recommendation. (DE 203, Order.)

The day before, however, the Clerk of the Court docketed the document now before the Court: the document filed by Jackson titled "Motion to Vacate Set Aside Correct Sentence Pursuant to Counsel Being Ineffective." Jackson put the document into the prison mail system on October 2, 2023.

This latest document filed by Jackson could be construed a few ways. It could be construed as late-filed objections to the magistrate judge's recommendation. In the new document, Jackson repeats some of the same arguments made in his original § 2255 motion. To the extent Jackson intended that the new filing constitute objections to the magistrate judge's recommendation, the Court overrules the objections as untimely. Moreover, he points to no errors in the magistrate judge's recommendation.

This latest document filed by Jackson could also be construed as a motion to amend Jackson's first § 2255 motion. Jackson raises some new arguments in it that were not presented in the first motion. He argues that his counsel was ineffective for failing to argue 1)

that Jackson was not a "career offender" under the guidelines because his conspiracy charge is not a "controlled substance" offense; 2) for failing to investigate the confidential informant; and 3) for failing to argue that the search warrant that led to Jackson's arrest was not supported by probable cause.

To the extent that Jackson's latest filing should be construed as a motion to amend his original § 2255 petition, he sets forth no reason that the amendment should be granted under Federal Rule of Civil Procedure 15. *See Clark v. United States,* 764 F.3d 653, 661 (6th Cir. 2014) ("[A] motion to amend a § 2255 motion is generally governed by the Federal Rules of Civil Procedure."); *Oleson v. United States*, 27 F. App'x 566, 570 (6th Cir. 2001). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Factors relevant to determining whether amendment would be against the interests of justice include '[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Whiting v. United States*, No. 22-1890, 2023 WL 2781299, at *2 (6th Cir. Mar. 17, 2023) (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)).

Jackson did not title his latest filing as a motion to amend. Nor did he even state that he seeks to amend the original §2255 petition, much less give any reason that the new claims could not have been made in the original petition. He did not mail his latest filing until more than four years after his original § 2255 motion. He filed it only after the magistrate judge issued a recommendation that his original § 2255 petition be denied. Thus, the Court must find that Jackson unduly delayed in moving to amend the original petition, to the extent that is the relief he seeks with this motion. A petitioner who "has had ample opportunity to present his case to the Court . . . cannot simply raise new claims as they occur to him." *United States v. Burbage*, 280 Fed.Appx. 777, 782 (10th Cir. 2008). "This is particularly true where a party has been put on notice that his claims are meritless and then attempts to introduce new

3

theories of obtaining relief." *Mosby v. United States*, No. CR414-307, 2017 WL 2591930, at *1 (S.D. Ga. June 15, 2017).

Moreover, to the extent that the new filing contains proposed amendments to the original § 2255 petition, they would be futile. A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The entirely new claims made in Jackson's latest filing do not relate back to the claims made in his original § 2255 petition. *United States v. Clark*, 637 F. App'x 206, 209 (6th Cir. 2016). Jackson mailed the motion to amend on October 2, 2023. The new claims in the motion to amend come more than five years after the July 24, 2018 judgment. Accordingly, they are time barred. "[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired." *Id.* (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir.2000)). "[A] motion to amend a § 2255 motion should be denied where the one-year statute of limitations has expired and the proposed amendment does not relate back to [a] timely-filed claim." *Id*.

Finally, Jackson's latest petition could be construed as a second § 2255 petition. If this is Jackson's intent, he must make a motion in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider the petition. *See* 28 U.S.C. §§ 2255(h); 2244(a)(3)(A).

For all these reasons, the Court hereby ORDERS that any relief sought by Jackson in his "Motion to Vacate Set Aside Correct Sentence Pursuant to Counsel Being Ineffective" (DE 202) is DENIED.

This 18th day of October, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY